No. 370

PICKERING v. CLEVELAND TRUST CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5304.   Decided Jan. 12, 1925.

Motion to certify.  Docketed in Supreme Court 3 Abs. 98 and overruled 3 Abs. 215.

1271.  WILLS—1.  When a legacy is in restraint of marriage, or is an inducement to procure legal separation, it is void as against public policy.

2.  When bequest is made to son, conditioned upon death of his wife or separation before death of testatrix, and provisions are created as to the remainder, it is a valid bequest.

LEVINE, J.

This was an action to construe the last will and testament of Margaret Pickering as to certain clauses therein.  Arthur Pickering the plaintiff herein, is given one-fifth of remainder of the estate, conditioned on Mary Pickering not being his wife at the death of the testatrix.  In case Mary Pickering is still the wife of Arthur Pickering, then the Cleveland Trust Company is to become trustee.  This was substantially one of the clauses in the will.  Another is that the income derived from said trust estate is to be paid to Arthur Pickering during his life, and, upon his death, to his three daughters by his former wife; but in no event of death or separation of Mary Pickering, the trust estate shall go to the son and the trust shall cease.

Mary Pickering still being his wife at the death of the testatrix, Arthur Pickering urges that the provision in the will is in restraint of marriage, and void as being against public policy.  He claims that a provision making the receipt of a legacy dependent on a separation of husband and wife is contrary to public policy and void and the legatee takes the legacy absolutely.  Moore v. Guyne, 15 CC., cited.  He contends that if personal property is bequeathed upon a condition which before the time of the performance becomes impossible of performance, the property rests in the legatee upon death of the testator, unless it appears that the performance of the condition was the controlling motive for the making of the bequest.

The Court of Appeals held:—

1.  It is quite apparent, from the reading of the instrument, that the performance of the condition, or the happening of the event as to the death of Mary Pickering, or Arthur Pickering's legal separation from her, was a controlling motive for making the bequest.

2.  In the case cited above there was no provision for a gift over, of the remainder of the estate upon the death of the legatee, while in the case at bar the will so provides most explicitly.

3.  Nowhere in the will does it provide that if at any time after the death of the testatrix, Mary Pickering should die, or there should be a legal separation that in that event the estate was to vest in Arthur absolutely.  The extent of his estate is fixed by the terms of the will at the death of the testatrix.  Nothing remains undisposed of and intestacy does not result.  Decree in favor of the Cleveland Trust Co.

Attorneys—Paul Howland for Pickering; Garfield, Mac Gregor, & Baldwin for Trust Co.; all of Cleveland.

---

No. 371

HEILMAN et v. FRANCE STONE CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1478.   Decided Marcch 23, 1925

1193.  TRESPASS—Thrown missiles and concussion, caused by blasting operations of quarry near premises, may be enjoined as constituting continuous trespass.

WILLIAMS, J.

Joseph Heilman instituted an action in the Lucas Common Pleas against the France Stone Co. and tended to show that the Stone Company was in close proximity to his real estate, that blasting by means of dynamite tended to injure his land because of concussion; that rock and debris was being thrown thereon.  On the affidavits of parties the Common Pleas dismissed Heilman's petition at his costs and entered final judgment in favor of the Stone Company.  Error was prosecuted and Heilman declared, that the motion for a new trial on ground of judgment being manifestly against weight of evidence, was improperly overruled.  The Court of Appeals held:—

1.  The disturbing of peaceful possession of property through blasting either by concussion or throwing stones thereon is technically a trespass, and such wrongful act is upon exactly the same basis as trespass by entry, and the right to equitable relief by way of injunction against such acts, should rest likewise upon the same basis.  Loudon v. Cincinnati, 90 OS. 144, and other authorities cited.

2.  In a situation of this kind the Stone Company, making use of such explosives will be liable for the damage proximately and naturally resulting therefrom irrespective of the question of negligence or want of skill in the blasting operations.

3.  Prohibiting of injury to Heilman's property by a continuation of the operation of the quarry, warrants the relief prayed for.  Judgment of lower court is reversed and cause remanded.

Attorneys—Benjamin F. James, Bowling Green, for Heilman; Brown, Hahn & Sanger, for Stone Co.; all of Toledo.